IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL JOHN PARRISH**, | CIVIL ACTION NO: 1:14-CV-00966 |
| Petitioner | (Chief Judge Conner) |
| v. | |
| **JOHN E. WETZEL**, Secretary, Pennsylvania Department of Corrections; **ROBERT GILMORE**, Superintendent of the State Correctional Institution at Greene; and **STEVEN GLUNT**, Superintendent of the State Correctional Institution at Rockview, | THIS IS A CAPITAL CASE |
| Respondents | |

## MEMORANDUM

Presently pending before the court is petitioner Michael John Parrish's motion to stay these federal proceedings to allow petitioner's counsel to expeditiously exhaust federal claims for relief in state court. (Doc. 20.) Also before the court is petitioner's motion to produce state court record (Doc. 15) and motion for leave to file his petition for writ of habeas corpus in excess of the page limitation (Doc. 17). For the reasons that follow, the motion to stay (Doc. 20) will be denied and this case will be dismissed without prejudice.

## I. Background

This is a capital habeas corpus proceeding brought by a Pennsylvania state prisoner. Following his convictions for first degree murder and related counts, petitioner was sentenced to death on May 15, 2012, in the Court of Common Pleas of Monroe County, Pennsylvania. (Doc. 21.) Petitioner's convictions and sentence of death were affirmed by the Pennsylvania Supreme Court on September 25, 2013. See Commonwealth v. Parrish, 77 A.3d 557 (Pa. 2013), rearg. denied, No. 661 Cap. App. Dkt. (Pa. Nov. 27, 2013). His petition for certiorari review was denied by the

United States Supreme Court on May 19, 2014.  Parrish v. Pennsylvania, No. 13-9201, Order (U.S. May 19, 2014).

On May 20, 2014, petitioner filed a motion for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel.  (Doc. 1.)  The court granted the motion on June 3, 2014, and petitioner was directed to file a status report apprising the court of the procedural posture of petitioner's state court proceedings and any other pertinent matters on or before November 19, 2014.  (Doc. 9.)  Petitioner filed his status report on November 19, 2014, informing the court that on August 29, 2014, petitioner filed an initial PCRA petition, an emergency motion for a stay of execution, and a motion to admit Jennifer Merrigan, Esquire to appear pro hac vice on his behalf in the Monroe County Court of Common Pleas.  (Doc. 11.)  On September 4, 2014, the Monroe County court issued an order that: (1) granted petitioner leave to proceed in forma pauperis, (2) stayed petitioner's execution through the conclusion of all PCRA proceedings, (3) appointed Brian Gaglione, Esquire, to represent petitioner in his PCRA proceedings, and (4) directed an amended PCRA petition be filed on or before November 10, 2014.  (Id.)

By order dated December 12, 2014, this court directed petitioner to file a second status report apprising the court of the procedural posture of his state court proceedings and any other pertinent matters on or before February 17, 2015.  (Doc. 12.)  Petitioner filed that status report on February 17, 2015, informing the court of the status of his state court proceedings and requesting that the court enter an order directing counsel to file a federal habeas petition on behalf of petitioner.  (Doc. 13.)  Based on the information presented in petitioner's second status report, the court issued an order directing petitioner to file a habeas petition on or before April 20, 2015.  (Doc. 14.)  That order also set forth a schedule for the remainder of these federal habeas proceedings.  (Id.)

On April 20, 2015, petitioner filed his petition for writ of habeas corpus. (Doc. 19.)  Also on that day, petitioner filed the instant motion to stay these federal habeas proceedings to allow petitioner's counsel to expeditiously exhaust federal claims in state court.  (Doc. 20.)  In the motion, petitioner informed the court, inter alia, that on February 17, 2015, petitioner, through newly-appointed PCRA counsel Robert Saurman, Esquire, filed an amended PCRA petition in the Monroe County court. (See Doc. 21.)  In addition, petitioner's PCRA hearing is currently scheduled in that court for June 1, 2015.  (Id.)

## II.  Discussion

### A.  Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement.  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

A petitioner filing for relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition.  Pursuant to § 2254(b)(1)(A), the petitioner must give the state courts an opportunity to review allegations of error before seeking relief in federal court.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28

U.S.C. § 2254(c); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must have the first opportunity to decide a petitioner's claims).

AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 1154(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 525 (2003). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2); see also Pace v. Diguglielmo, 544 U.S. 408 (2005).

Under Pennsylvania's Post-Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 PA. CONS. STAT. § 9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. Id. § 9545(b)(3).

**B. Parrish's Petition**

Although courts have routinely entered stays to permit petitioners to exhaust state post-conviction proceedings, the United States Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] purpose. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

4

Rhines v. Weber, 544 U.S. 269, 277 (2005).  Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics.  Rhines, 544 U.S. at 277-78; Heleva v. Brooks, 581 F.3d 187, 190 (3d Cir. 2009).

Unlike Rhines and Heleva, in the case at bar, there is little concern that refusing to grant a stay in this matter will in any way prejudice petitioner's ability to seek federal habeas relief.  The statute of limitations on petitioner's federal and state post-conviction proceedings began to run on May 19, 2014.  On August 29, 2014, petitioner filed a petition for PCRA relief in the Monroe County Court of Common Pleas.  See Commonwealth v. Parrish, CP-45-CR-0001137-2009 (Monroe Cnty. Com. Pl.).  Thus, the filing of petitioner's PCRA petition tolled the one-year federal limitations period.  28 U.S.C. § 2244(d)(2).  Once petitioner exhausts his claims through the PCRA process, he will have 262 days remaining on his one-year limitations period in which to file a timely federal habeas petition.  Further, the court notes that PCRA proceedings in capital cases typically take years to litigate and petitioner has not shown why this case should be stayed for all of that time.  It should be noted that petitioner has state-appointed counsel representing him in the PCRA proceedings.  In light of the fact that a PCRA evidentiary hearing has not yet occurred in petitioner's state case, federal habeas counsel have simply not demonstrated that state-appointed counsel has been unable to properly represent petitioner in those proceedings.  And finally, in capital cases such as this one, this court generally gives counsel ample time to file a federal habeas petition after the commencement of the case and will grant extensions of time when necessary.  Thus, if and when petitioner returns to this court to litigate his federal habeas

5

claims and seeks to file an amended habeas petition, his counsel will have sufficient time to properly prepare such a petition.

In sum, because there is no real danger that refusing to grant a stay of these federal proceedings will result in his federal claims becoming time barred, the court will deny petitioner's motion to stay these federal habeas proceedings and dismiss the habeas petition without prejudice. See Chamberlain v. Wetzel, No. 1:12-CV-01271, 2013 WL 6328093 (M.D. Pa. Dec. 5, 2013) (granting motion to dismiss habeas petition without prejudice in order to exhaust claims in state court where 250 days remained to timely file federal habeas petition), Dowling v. Beard, No. 3:06-CV-02085, 2012 WL 6091572 (M.D. Pa. Dec. 7, 2012) (lifting stay of federal proceedings and stay of execution where 252 days remained to timely file federal habeas petition); Dick v. Wetzel, No. 1:10-CV-00988, 2012 WL 5966538 (M.D. Pa. Nov. 29, 2012) (denying stay of federal proceedings where 286 days remained to timely file federal habeas petition); Frey v. Beard, No. 1:07-CV-00260, 2012 WL 5845548 (M.D. Pa. Nov. 19, 2012) (lifting stay of federal proceedings and stay of execution where 228 days remained to timely file federal habeas petition); Housman v. Wetzel, No. 1:11-CV-0167, 2012 WL 983551 (M.D. Pa. Mar. 22, 2012) (denying stay of federal proceedings and lifting stay of execution where 109 days remained to timely file federal habeas petition); Sherwood v. Beard, No. 1:10-CV-1073, 2011 WL 6888653 (M.D. Pa. Dec. 30, 2011) (denying stay in capital case where petitioner had "ample time to file a new habeas petition after exhausting his state claims"); Walter v. Beard, No. 1:09-CV-2465, 2011 WL 5593125 (M.D. Pa. Nov. 17, 2011) (refusing to grant a stay in a capital habeas proceeding when the petitioner would have 256 days to file a timely habeas petition after exhausting her claims in state court); Cummings v. Beard, No. 09-CV-4033, 2011 WL 239794 (E.D. Pa. Jan. 25, 2011)

(concluding that where petitioner would have 248 days to file a timely habeas petition, a stay under Rhines or Heleva was not warranted).

## III. Conclusion

Because petitioner is afforded ample time to return to this court after he exhausts his state collateral claims, he has failed to satisfy the good cause requirement under Rhines for the issuance of a stay and abeyance order. Consequently, the court will deny petitioner's motion to stay these federal habeas proceedings without prejudice to allow petitioner to expeditiously exhaust his federal claims in state court. (Doc. 20.) In addition, because the court will deny the motion to stay, petitioner's motion to produce state court record (Doc. 15) will also be denied, as action on that motion is more appropriate in state court. However, the court will grant petitioner's motion for leave to file his petition for writ of habeas corpus in excess of the page limitation. (Doc. 17.) A certificate of appealability will be denied. An order consistent with this memorandum follows.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: May 28, 2015